Milton A. Wiltse, J.
Defendant was convicted upon his plea of guilty before the Honorable Vivian V. Thomas, Justice of the Peace of the Town of Rutland, on October 19, 1961, of violation of section 1308 of the Penal Law. Thereafter, and on November 3, 1961, he was sentenced to imprisonment in the Jefferson County Jail for 90 days.
Prom the judgment of conviction, he has appealed.
On the record here, there is a jurisdictional defect.
Section 1308 of the Penal Law defines buying, receiving, concealing or withholding stolen or wrongfully acquired property. It may be either a misdemeanor or a felony. The return does not specify to which offense defendant entered a plea of guilty.
Had the charge been a felony, there was no authority in law for the court to accept a plea of guilty and impose sentence.
It is equally true, even had the charge been a misdemeanor under the section in question. A Court of Special Sessions derives its jurisdiction over crimes and offenses from section 56 of the Code of Criminal Procedure. It is limited to hearing and determining the charges enumerated in that section.
Buying, receiving, concealing or withholding stolen or wrongfully acquired property as a misdemeanor in violation of section *99 1308 of the Penal Law, is not one of the charges of misdemeanors enumerated in section 56 of the Code of Criminal Procedure.
In this instance, the court had no jurisdiction to accept a plea of guilty or impose sentence.
The charge could have been presented to the Grand Jury if the defendant had been held after a preliminary hearing, or had he waived such hearing.
The judgment of conviction should be reversed, the defendant discharged and the information dismissed.